IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES STEWART, II,

        **Plaintiff,**

    v.                                                                      CASE NO. 17-3152-SAC

KAREN ARMSTRONG, et al.,

        **Defendants.**

**MEMORANDUM AND O R D E R**

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by an inmate confined at the Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff conclusorily alleges that he has been hurt and extorted multiple times at LCF, is unsafe there, and that as a result, his continued confinement at LCF amounts to a violation of the Eighth Amendment. On November 8, 2017, the court issued an order assessing an initial partial filing fee and ordering plaintiff to submit an amended complaint that identifies proper defendants and provides specific allegations as to each defendant, or risk dismissal for failure to state a claim. (Doc. 7). On November 21, 2017, plaintiff timely responded and filed an amended complaint, and on November 30, 2017, he paid the initial partial filing fee. The amended complaint, however, fails to cure the deficiencies identified in the court's order, and contains additional problems which require dismissal.

As previously noted, the court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Plaintiff's complaint (Doc. 5) against the Kansas Department of Corrections failed to name a proper defendant because it is not a "person" subject to suit under § 1983. As such, the court directed plaintiff to submit an amended complaint that named proper defendants and provided specific allegations as to each defendant. In response, plaintiff filed an amended complaint against three correctional officers (Jillian Landwehr, Karen Armstrong, and Jack Weishar) and one administrator (Rob Arnold) from LCF. (Doc. 8). In the amended complaint, plaintiff alleges that though has been injured several times at LCF, he has been sent back there "against his wishes" and that as such, he was ultimately "forced to flee" the facility; that he has been hurt and extorted, which he reported to the counselors; and that "he reported all issues on paper and in person to the above defendants several times to no avail".

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal for several reasons. First, the amended complaint does not comply with the court's order that plaintiff identify specific conduct that he attributes to specific individual defendants and is therefore deficient. Out of an abundance of caution, however, the court has reviewed the allegations contained in each of plaintiff's complaints, and similarly finds them deficient.

Next, the gist of plaintiff's action is that he does not feel safe at LCF and does not want to be housed there because he has been "hurt" and "extorted". He states no constitutional violation, however, because prisoners have no constitutional right to choose their housing assignment, however. *See Graham v. Stotts,* 1993 WL 502 422, at *3 (D. Kan., Nov. 30, 1993) (citing *Meachum v. Fano,* 427 U.S. 215 (1976)).

Additionally, the facts alleged in the complaint do not support a claim for deliberate indifference under the Eighth Amendment. To do so, plaintiff must show both an objective component – that he was incarcerated under conditions posing a substantial risk of harm, and a subjective component – that prison officials were deliberately indifferent to his safety. *Verdecia v. Adams,* 327 F.3d 1171, 1175 (10th Cir. 2003) (citing *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Plaintiff conclusorily alleges he has been "extorted" and has "receipts", but he provides no context – he does not say how, why, when, or for what purpose the extortion purportedly occurred, nor does he identify who purportedly extorted him or how this extortion posed a substantial risk of harm, much less that each defendant actually knew about any such substantial risk of harm posed by the extortion. And, though he alleges that other LCF inmates allegedly attacked him at least twice and that he reported the attacks to various LCF staff members, to state an Eighth Amendment claim plaintiff must allege more. Negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment, so plaintiff must allege not only that that each defendant should have known of the risk of harm, but also that each defendant did, in fact, draw such an inference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Smith v. U.S.*, 561 F.3d 1090, 1104-5 (10th Cir. 2009; *see also Verdecia v. Adams,* 327 F.3d 1171, 1175-6 (10th Cir. 2003). The record contains no evidence that defendants knew plaintiff's

incarceration at LCF posed a substantial risk of harm to him. Plaintiff's complaint must therefore be dismissed.

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 9). The court has considered and denies this motion. No constitutional right to appointment of counsel exists in a civil action. The court has considered the potential merit of plaintiff's claims along with other pertinent factors, and finds that plaintiff has not asserted a colorable claim. The court concludes that appointment of counsel is not warranted.

Also pending before the court are plaintiff's applications for leave to proceed in forma pauperis. (Docs. 3 and 6). The court previously calculated an initial partial filing fee of $33.00 under 28 U.S.C. § 1915(b)(1), which plaintiff paid on November 30, 2017. The court therefore grants plaintiff's amended application (Doc. 6) and reminds plaintiff of his obligation to pay the $350.00 filing fee, and directs the agency having custody of plaintiff to forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). Plaintiff's initial application (Doc. 3) is overruled as moot.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that plaintiff's second application for leave to proceed in forma pauperis (Doc. 6) is granted. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is directed to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS FURTHER ORDERED** that plaintiff's first application for leave to proceed in forma pauperis (Doc. 3) is overruled as moot.

**IT IS SO ORDERED**.

Dated this 7th day of March, 2018, at Topeka, Kansas.

<u>**s/Sam A. Crow**</u>
**U. S. Senior District Judge**